Elaine HERNÁNDEZ, et al., Plaintiffs,

v.

COLEGIO Y NOVICIADO SANTA MARIA DEL CAMINO, INC.; et al., Defendants.

Civil No. 12–2052 (PAD).

United States District Court, D. Puerto Rico.

Signed June 25, 2014.

Jose L. Cabiya–Morales, Jose A. Cabiya–Morales, Cabiya & Molero Law Office, PSC, San Juan, PR, for Plaintiffs.

---

Ian P. Carvajal–Zarabozo, Vanessa Blanco–Mendez, Saldana, Carvajal & Velez–Rive, PSC, Ingrid M. Rodriguez–Ramirez, Rodriguez–Ramirez Law Offices, LLC, Raul S. Mariani–Franco, Mariani Franco Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–
HERNÁNDEZ, District Judge.

Before the Court is Mapfre's "Motion for Reconsideration of Order at Docket No. 179" (Docket No. 180). Having carefully considered the arguments raised therein, the Court DENIES the motion and sustains its previous ruling at Docket No. 179.

At Docket No. 179, the Court denied Mapfre's request to entertain the coverage dispute by way of a motion to dismiss within the framework of Fed.R.Civ.P. 12(b)(6). To this end, the Court noted (1) that discovery has been conducted, and (2) that a motion for summary judgment had been filed (by Mapfre), which motion all defendants joined. Nevertheless, since Mapfre did not develop the coverage issue in its motion for summary judgment, the Court authorized that party to file a motion for summary judgment addressing the issue under Fed.R.Civ.P. 56. *See,* Docket No. 179.

Mapfre has moved for reconsideration. Even though it agrees with the Court that the coverage issue should not be adjudicated under Fed.R.Civ.P. 12(b)(6)—*see,* Docket No. 180, at p. 3—it invites the Court to consider it by way of a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c).

Yet, for present purposes, a motion under Fed.R.Civ.P. 12(c) is no different than a motion under Fed.R.Civ.P. 12(b)(6). As the First Circuit has held, when a motion for judgment on the pleadings "... is employed as vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Grajales, et al. v. Puerto Rico Ports Authority, et al.,* 682 F.3d 40, 44 (1st Cir.2012)(internal citations omitted).

One of the goals of the plausibility standard is the avoidance of unnecessary discovery. Applying the plausibility standard to a complaint after discovery is nearly complete would defeat this core purpose. *Grajales,* 682 F.3d at 46. For this reason, once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy a plausibility requirement. *Id.*

Such is the case here, as discovery has not only been conducted but concluded, and a motion for summary judgment (Mapfre's motion) has been filed challenging the merits of plaintiffs' allegations at Docket No. 154.[1] Under these circumstances, Mapfre's argument that a motion for summary judgment will "wrest more time and effort from the parties and the Court than a motion for judgment on the pleadings" (Docket No. 180 at p. 6) is not persuasive.

The Court will invest time and effort to evaluate, analyze and consider the pending motion for summary judgment. This effort will include the evaluation of the proposed statements of facts and counterstatement submitted by the parties. Consequently, far from extending the consideration of the issues pending before the

1. In fact, in the pending motion for summary judgment, Mapfre expressly reserved its right to do what the Court is allowing now: file a motion for summary judgment on the coverage issue. Docket No. 154 at n. 1.

Court, a motion for summary judgment on the coverage issue will materially assist in the consideration of the arguments raised by the parties.

Based on the foregoing, at this procedural juncture Mapfre's position that coverage is not afforded under the policy will only be considered under Fed.R.Civ.P. 56.

Should Mapfre wish the Court to entertain this matter, a motion for summary judgment limited to such issue shall be filed not later than July 3, 2014.

**SO ORDERED.**